**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**IN RE:**

**JAMES E. BLACK** **CASE NO. 26-10003**
**DEBTOR** **CHAPTER 13**

# MEMORANDUM OPINION

Before the court is the issue of whether a chapter 13 trustee may retain the percentage fee collected pre-confirmation from plan payments if confirmation of the proposed plan is ultimately denied.

## I. Procedural Background

James E. Black ("Debtor") filed a Voluntary Petition[1] under chapter 13 of the Bankruptcy Code on January 5, 2026. Thereafter, the Debtor made $9,600.00 in payments to the chapter 13 trustee, Annette C. Crawford ("Trustee"), pursuant to the Debtor's proposed chapter 13 plan ("Plan"). The Plan was not confirmed, and the Court dismissed the case on July 9, 2026.[2] The dismissal order[3] provides that the Trustee will be discharged from and relieved of her trust upon the closing of the case. After the case was dismissed, the Trustee retained 10% in fees, $960.00, as is her customary practice, and returned the remaining $8,640.00 to the Debtor. The Debtor filed the instant Motion to Compel Chapter 13 Trustee to Return Retained Percentage Fee Pursuant to 11 U.S.C. § 1326(a)(2) ("Motion")[4] and supported it with a Memorandum in Support

[1] P-1.

[2] P-66.

[3] *Id.*

[4] P-68.

of the Motion,[5] seeking the return of the fee retained by the Trustee. The Trustee filed an Objection,[6] and the Debtor filed a Reply.[7] Oral argument was held on September 16, 2026. The parties agreed that no facts were at issue and did not seek to introduce any evidence. After hearing the oral argument of Debtor's counsel and the Trustee, the court took the matter under advisement and now renders its ruling.

**II. Analysis**

Pursuant to F.R.B.P. 3015(b)(1), once a chapter 13 bankruptcy case is filed, the debtor must file a proposed plan within 14 days, unless the court extends that time for cause. The debtor then has no later than 30 days from filing the proposed plan to begin making payments to the chapter 13 trustee pursuant to that plan pursuant to 11 U.S.C. § 1326(a)(1). Section 1326(a)(2) provides that the trustee must retain those payments until the plan is confirmed or denied.

The amount of fees chapter 13 standing trustees are authorized to collect is governed by 28 U.S.C. § 586(e)(1). It sets the maximum amount of compensation for standing trustees as a percentage of plan payments made by debtors. When the debtor is not a "family farmer," the trustee's fee is not to exceed 10%,[8] and in this case, it is undisputed that the fee is the maximum amount of 10%. The next subsection, 28 U.S.C. § 586(e)(2), provides that standing trustees "shall collect such percentage fee from all payments received by such individual under plans in the cases under subchapter V of chapter 11 or chapter 12 or 13 of title 11 for which such

[5] P-70.

[6] P-73.

[7] P-75.

[8] 28 U.S,C. § 586(e)(1)(B)(i).

individual serves as standing trustee.“ Section 1326(a) of the Bankruptcy Code governs what happens to the fees collected. Section 1326(a)(2) provides that if no plan is confirmed, “the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).”[9]

The Debtor contends that since his Plan was not confirmed, the Trustee was not entitled to keep the collected fee and instead must return it to the Debtor. Neither the United States Supreme Court nor the Fifth Circuit has ruled on this issue. Four other circuit courts have addressed the issue, all ruling consistently with each other. The Second Circuit addressed it last year in *In re Soussis*,[10] holding:

> Section 1326(a)(2) directs the trustee to return the “payments ... proposed by the plan.” 11 U.S.C. § 1326(a)(1)–(a)(2). Because the percentage fee is collected from—and therefore included in—the payments “proposed by the plan,” it too must be returned. … Finally, we are not persuaded that a different result is mandated by Section 586(e)(2), which provides that the standing trustee “shall collect” his percentage fee from “all payments received” under the Chapter 13 plans he administers. To “collect” the percentage fee could reasonably be understood to mean to “collect and keep it” or to “collect and hold it provisionally”; alternatively, to “collect” from could simply identify the source of a likely eventual payment. We therefore consider the word “collect” ambiguous as used in Section 586.
>
> Reading Section 586 in light of Section 1326, however, resolves the ambiguity: the trustee may “collect” the percentage fee from pre-confirmation payments, 28 U.S.C. § 586(e)(2), but he must “retain[ ]” it before the confirmation hearing, and “return” it if no plan is confirmed, 11 U.S.C. § 1326(a)(2). We conclude that this interpretation best comports with the texts of both statutes and best aligns with the trustee compensation scheme established by Congress.[11]

---

[9] Section 1326(a)(3) applies to the use, sale, or lease of property pursuant to 11 U.S.C. § 363 and is inapplicable in the case at bar.

[10] *Soussis v. Macco (Soussis)*, 136 F.4th 415 (2d Cir. 2025).

[11] *Soussis*, 136 F.4th at 419-20.

Again, the same conclusion was reached for similar reasons by the Seventh Circuit in *Marshall v. Johnson*,[12] the Tenth Circuit in *In re Doll*,[13] and the Ninth Circuit in *Matter of Evans*.[14]

**A. Interpretation of 11 U.S.C. § 1326(a)(2)**

Section 1362(a)(2) provides that plan payments must be retained by the standing trustee until a plan is confirmed or denied, and "if a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b)." In the case at bar, the Plan was not confirmed, and section 1326(a)(2) unambiguously requires the Trustee to return to the Debtor all plan payments, except 1) "payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3)" and 2) "any unpaid claim allowed under section 503(b)."

Paragraph (3) of section 1326(a) provides that "[s]ubject to section 363 [which involves the use, sale, or lease of property], the court may, upon notice and a hearing, modify, increase, or reduce the payments required under this subsection pending confirmation of a plan." Section 1326(a)(3) is not implicated in this case. Additionally, the Trustee concedes that her fee is not an administrative expense claim pursuant to section 503(b), and there are no unpaid, allowed administrative expense claims. [15] Therefore, since the Plan was not confirmed, the Trustee must return all payments she has retained to the Debtor. As the Tenth Circuit held in *In re Doll*,

---

[12] *Marshall v. Johnson*, 100 F.4th 914 (7th Cir. 2024).

[13] *Goodman v. Doll (In re Doll)*, 57 F.4th 1129 (10th Cir. 2023).

[14] *Evans v. McCallister (Matter of Evan)s*, 69 F.4th 1101 (9th Cir. 2023).

[15] Trustee's Objection, P-73, p. 3.

"[t]here is no indication in this statutory language that the trustee should first deduct his [or her] fees before returning the pre-confirmation payments to the debtor when no plan is confirmed."[16]

The Trustee suggests that return of plan payments pursuant to section 1326(a)(2) upon denial of confirmation has three, rather than two, exceptions. She contends that "payments not previously paid" is a separate exception from payments "not yet due and owing to creditors pursuant to paragraph (3)." She further contends that the fees she collected pursuant to 28 U.S.C. § 586(e) are a payment that was "previously paid" and therefore excluded from the directive to return payments to the Debtor. The Second Circuit addressed this argument in *Soussis*, holding:

> This is not a viable construction. We see no reason to think that Congress intended to cleave the text in this awkward way. The Trustees do not explain why the amounts "due and owing"—and not the amounts "previously paid"—would go "to creditors pursuant to paragraph (3)[.]" 11 U.S.C. § 1326(a)(2). The more natural reading is that the phrase "previously paid and ... due and owing" merely refers to different moments in the payment process: the "payments ... to creditors" might be already paid, or they might have been collected by the trustee, but not yet paid (and thus remain "due and owing"). *Id.* We therefore conclude that Section 1326(a)(2) excepts only those amounts "previously paid ... *to creditors* pursuant to paragraph (3)," not all amounts "previously paid." *Id.* (emphasis added).
>
> The legislative history of this section further undermines the Trustees' view and leaves little doubt that Congress intended to refer only to those "previously paid" amounts that went "to creditors pursuant to paragraph (3*)*[.]*" Id.* In an early draft of the bill that became this law, the relevant subsection directed the trustee to return any "payments *not previously paid to creditors* pursuant to paragraph (3)[.]" S. 625, 106th Cong. § 309(c)(2) (1999) (emphasis added). The phrase "not yet due and owing" was inserted by a 1999 amendment to the bill. S. Amdt. 1723, 145 Cong. Rec. S11151 (daily edition Sept. 21, 1999); *see* Robin Jeweler, Cong. Rsch. Serv. RS20433, S. 625, The Bankruptcy Reform Act in the Senate: Selected Amendments 6 (Jan. 28, 2000) (explaining that, with the amendment, "[i]f a debtor makes payments into a [C]hapter 13 plan that is not confirmed, the trustee must return to the debtor payments *not previously paid to creditors 'and not yet due and owing*' " (emphasis added)). This history persuades us all the more that

---

[16] *Doll*, 57 F.4th at 1141.

> Congress intended the phrase "previously paid" to be modified by the phrase "to creditors pursuant to paragraph (3)."[17]

This court agrees with the interpretations of the Second Circuit and finds that the entire phrase, "payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3)," is one exception to the directive to return payments to the debtor if a plan is not confirmed. This exception is not applicable to the case at bar.

**B. Treatment of Standing Trustee Fees in Other Chapters of the Bankruptcy Code**

The Debtor's argument that the Trustee is not authorized to retain a fee in this case is supported by different treatment of standing trustee fees in other chapters of the Bankruptcy Code. The Code provides that the standing trustees for subchapter V of chapter 11, chapter 12, and chapter 13 shall retain payments until a plan is confirmed or denied.[18] However, the Bankruptcy Code treats chapter 13 trustee's differently than the other standing trustees as to entitlement to keep those fees when no plan is confirmed. Section 1194(a) specifically provides that if confirmation is denied, the subchapter V trustee shall deduct "any fee owing to the trustee" before returning payments to the debtor. Section 1226(a) specifically provides that if confirmation is denied, the chapter 12 trustee shall deduct "the percentage fee fixed for such standing trustee" before returning payments to the debtor. There is no such provision that allows a chapter 13 trustee to deduct fees before returning payments to the debtor. In *Collins v. Yellen*,[19] the United States Supreme Court held that "when Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that

---

[17] *Soussis*, 136 F.4th at 431-32 (footnotes omitted).

[18] 11 U.S.C. §§ 1194(a), 1226(a), and 1326(a).

[19] *Collins v. Yellen*, 594 U.S. 220, 141 S. Ct. 1761, 210 L. Ed. 2d 432 (2021).

Congress acts intentionally and purposely in the disparate inclusion or exclusion."[20] Had Congress intended for chapter 13 trustees to deduct their fees before returning payments to debtors in unconfirmed cases, it would have included such a provision, as it did for chapter 12 trustees and subchapter V trustees.

The Trustee cited three cases in support of her proposition that she is entitled to a percentage fee before returning plan payments to the Debtor in this unconfirmed case. The court finds these unpersuasive. One of those cases was directly reversed by the Second Circuit in *Soussis*.[21] Another, *In re Harmon*,[22] is a Ninth Circuit BAP case that was effectively overruled by the Ninth Circuit in *Evans*. The third case cited by the Trustee, *In re Nardello*,[23] attempted to distinguish the treatment afforded chapter 12 trustees from the treatment of chapter 13 trustees, finding:

> Section 1226(a) does not require the Chapter 12 debtor to make payments within 30 days as stated in Section 1326(a). Additionally, Section 1226(a) refers to both payments and funds received by the trustee unlike Section 1326(b)(2) which only refers to payments to creditors.[24]

The court in *Nardello* is correct that a chapter 12 debtor is not *required* to make pre-confirmation payments; however, the possibility of those payments, as well as funds received from sources

---

[20] *Collins*, 594 U.S. at 248 (quoting *Barnhart*, 534, U.S. at 452).

[21] *In re Soussis*, 624 B.R. 559 (Bankr. E.D.N.Y. 2020), *rev'd and remanded, In re Soussis*, 136 F.4th 415 (2d Cir. 2025).

[22] *McCallister v. Harmon (In re Harmon)*, No. 1:19-BK-01424-TLM, 2021 WL 3087744 (B.A.P. 9th Cir. July 20, 2021).

[23] *Nardello v. Balboa (In re Nardello)*, 514 B.R. 105 (D.N.J. 2014).

[24] *Nardello*, 514 B.R. at n. 4.

other than the debtor, is contemplated.[25] Section 1226(a) makes that clear by providing that the trustee must retain payments received before confirmation; it specifically provides:

> (a) Payments and funds received by the trustee shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payments to the debtor, after deducting—
>
> (1) any unpaid claim allowed under section 503(b) of this title; and
>
> (2) if a standing trustee is serving in the case, the percentage fee fixed for such standing trustee.

Section 1194(a) applicable to chapter 11 subchapter V cases, also contemplates, but does not require, pre-confirmation payments; it provides:

> (a) Retention and distribution by trustee.--Payments and funds received by the trustee shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payments to the debtor after deducting—
>
> (1) any unpaid claim allowed under section 503(b) of this title;
>
> (2) any payment made for the purpose of providing adequate protection of an interest in property due to the holder of a secured claim; and
>
> (3) any fee owing to the trustee.

Sections 1194(a), 1226(a), and 1326(a) similarly address pre-confirmation payments and provide that the standing trustee's must retain them. However, only in section 1326(a) did Congress omit that the trustee is allowed to keep a fee before returning payments when a plan is

---

[25] *See* 8 Collier on Bankruptcy ¶ 1226.01 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("[In chapter 12,] [t]he debtor is under no obligation to make any payments to the trustee prior to the confirmation hearing. … Because of the deductions that the trustee is entitled to make, it is unlikely that many chapter 12 debtors will begin making payments prior to confirmation of the plan.").

not confirmed. The court also points out that the only instance in which section 1326 references payment of chapter 13 trustee fees is when creditors are paid. Section 1326(b)(2) provides:

> (b) Before or at the time of each payment to creditors under the plan, there shall be paid-- …
>
> (2) if a standing trustee appointed under section 586(b) of title 28 is serving in the case, the percentage fee fixed for such standing trustee under section 586(e)(1)(B) of title 28; …

The courts in *Evans*,[26] *Marshall*,[27] *Doll*,[28] and *Soussis*[29] provide, and this court agrees, that because chapter 13 trustees only make distributions to creditors after a plan is confirmed, section 1326(b)(2) indicates that chapter 13 trustees can only keep a percentage fee if a plan is confirmed.

**III. Conclusion**

For the foregoing reasons, the court will grant the Debtor's Motion and compel the Trustee to return the $960.00 fee to the Debtor. A separate order will be entered in accordance with this ruling.

Baton Rouge, Louisiana, October 20, 2026.

**/s/ Michael A. Crawford**
MICHAEL A. CRAWFORD
UNITED STATES BANKRUPTCY JUDGE

---

[26] *Evans*, 69 F.4th at 1107.

[27] *Marshall*, 100 F.4th at 917.

[28] *Doll*, 57 F.4th at 1145.

[29] *Soussis*, 136 F.4th at 429.